The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL JOHN SCOTT, <br><br> Defendant. | NO. CR20-018RBL <br><br> **STIPULATED MOTION FOR PROTECTIVE ORDER** |

The United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and Marci L. Ellsworth and Karyn S. Johnson, Assistant United States Attorneys for said District, and Defendant Michael John Scott and his counsel, Amy Muth, hereby file this Stipulated Motion for Protective Order.

As a part of its investigation into Defendant's alleged drug trafficking activities, agents utilized a confidential source. The confidential source and Defendant exchanged text messages (which the government has already provided in discovery, with redactions) and six recorded telephone calls (which the government has not yet provided).

The six recorded telephone calls (the "Protected Material") will reveal the identity of the confidential source, since the source's voice is clearly audible. The government is concerned that dissemination of the Protected Material may create opportunities for

United States v. Scott / CR20-018RBL
Stipulated Motion for Protective Order - 1

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

witness intimidation or retaliation against the confidential source or his/her associates and family members.

To forestall such witness intimidation or retaliation and protect the identity of the confidential source, the parties have stipulated to the entry of the proposed Protective Order accompanying this motion. In short, physical possession of the Protected Material would be limited to the attorney of record in this case, and to any investigators, expert witnesses, and other agents that the attorney of record hires in connection with this case (collectively referred to as "the defense team"), and to staff at the Federal Detention Center (FDC), where Defendant is detained. The Defendant would not be permitted to possess or maintain copies of the Protected Material, but may review them in the FDC's Education Department (pursuant to their policies/practices). These proposed restrictions are designed to permit full use of the Protected Material in the preparation of the defense and to avoid dissemination of the Protected Material to other persons who have no legitimate defense-related need for the information. They are not designed to prevent counsel from fully discussing and reviewing the Protected Material with Defendant.

## I.     LEGAL STANDARD

In federal criminal cases, the government's discovery obligations are established by Federal Rule of Criminal Procedure 16 ("Rule 16"), supplemented by the Local Rules for the Western District of Washington ("Local Rules"), the Jencks Act, 18 U.S.C. § 3500, *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). Broadly speaking, these rules, statute, and cases, respectively, provide the framework by which both parties are to produce discovery and by which a court can regulate discovery before trial; require the government to produce its witnesses' prior statements after they testify at trial; place an obligation on the government to learn of and disclose to the defense any exculpatory or impeachment evidence favorable to the defendant that is in the government's possession; and require the government to disclose information which could be used to impeach its witnesses. *See* Fed. R. Cr. Pro. 16; 18 U.S.C. § 3500(a); *Brady*, 373 U.S. at 87; *Giglio*, 405 U.S. at 154-55.

United States v. Scott / CR20-018RBL
Stipulated Motion for Protective Order - 2

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

There is otherwise "no general constitutional right to discovery in a criminal case, and *Brady* did not create one." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). The government's discovery obligations are ongoing, but the government does not have to produce all of its discovery material at once and/or at the outset of the case. *See, e.g., Pennsylvania v. Ritchie*, 480 U.S. 39, 60 (1987) ("the duty to disclose is ongoing"), Local Rule 16(d) ("continuing duty to disclose"), Fed. R. Crim. P. 16 and 26.2 (disclosure of witnesses' prior statements not required until after witnesses testify on direct examination), Local Rule 16(f) (witness statements are to be produced "during the time of trial, or at any time if the parties agree").

It is well established that the government has a qualified privilege to withhold the identity of confidential sources. Indeed, as a general matter, there is no requirement that the identity of any government witnesses, including confidential sources, be revealed before trial. *See Weatherford*, 429 U.S. at 559 (no constitutional violation where government did not reveal identity of confidential informant before the informant testified at trial); Local Rule 16(f). To the contrary, "[t]he government has a limited privilege to withhold an informant's identity." *United States v. Henderson*, 241 F.3d 638, 645 (9th Cir. 2000) (citing *Roviaro v. United States*, 353 U.S. 53, 59-61 (1957)). "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement by preserving the anonymity of these informants." *United States v. Amador-Galvan*, 9 F.3d 1414, 1417 (9th Cir. 1993) (citing *Roviaro*, 353 U.S. at 59).

## II.  PROTECTIVE ORDER REQUEST

Pursuant to Fed. R. Crim. P. 16(d)(1), this Court has wide discretion to direct the disclosure and dissemination of discovery materials:

> At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.

Fed. R. Crim. P. 16(d)(1).

United States v. Scott / CR20-018RBL
Stipulated Motion for Protective Order - 3

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

The parties are stipulating to entry of a Protective Order that would prohibit the physical dissemination of the Protected Material to Defendant, but would allow Defendant to access it at the FDC as described in the proposed Protective Order. The parties agree and stipulate that this is the only reasonable method by which the government and the Court can ensure the safety of the confidential source and his/her family and associates.

### III. CONCLUSION

The parties respectfully request that this Court issue the proposed Protective Order accompanying this motion.

DATED this 20th day of May 2020.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

*s/Marci L. Ellsworth*
MARCI L. ELLSWORTH
KARYN S. JOHNSON
Assistant United States Attorneys


*s/ Amy Muth*
AMY MUTH
Counsel for MICHAEL JOHN SCOTT

United States v. Scott / CR20-018RBL
Stipulated Motion for Protective Order - 4

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

# CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney of record for the defendant.

 */s/ Lisa Crabtree*
LISA CRABTREE
Paralegal
United States Attorney's Office
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
Telephone: (253) 428-3800
Fax: (253) 428-3826
E-mail: Lisa.Crabtree@usdoj.gov

United States v. Scott / CR20-018RBL
Stipulated Motion for Protective Order - 5

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800