The Hon. Robert J. Bryan

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL JOHN SCOTT, <br><br> Defendant. | NO. CR20-018-RJB <br><br> **MOTION FOR ENTRY OF A PROTECTIVE ORDER RESTRAINING CERTAIN FORFEITABLE PROPERTY** <br><br> NOTE ON MOTION CALENDAR: October 15, 2021 |

## I.  RELIEF REQUESTED

The United States, by and through its undersigned counsel, moves pursuant to 21 U.S.C. § 853(e)(1)(A) for entry of a protective order restraining the following property pending resolution of this case (the "Subject Vehicle"):

    a.    A Dodge Ram 2500, VIN No. 3D7UT2CLXBG564155, Washington State License No. C40349F, seized on or about January 30, 2020, from Defendant Michael Scott's residence located in Snohomish, Washington.

As detailed below, and in the supporting declaration of Drug Enforcement Administration ("DEA") Special Agent ("SA") Ryan C. Smith ("Smith Decl."), the Subject Vehicle constitutes or is traceable to proceeds of *Conspiracy to Distribute Controlled Substances*,

Motion for Entry of a Protective Order Restraining Certain Property - 1
*United States v. Michael John Scott*, CR-20-018-RJB

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  in violation of 21 U.S.C. §§ 84l(a)(l), 841(b)(l), and 846, as charged in Count 1 of the
2  Superseding Indictment, and/or property involved in the commission of *Conspiracy to*
3  *Commit Money Laundering*, in violation of 18 U.S.C. § 1956(h), as charged in Count 6 of
4  the Superseding Indictment. Dkt. No. 26. Accordingly, the Subject Vehicle is forfeitable
5  under 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1), and it should remain in the United
6  States' possession and available for forfeiture until this case is resolved.

## II.   RELEVANT PROCEDURAL FACTS

8  The Subject Vehicle was seized on or about January 30, 2020, during the
9  execution of a federal search and seizure warrant at the residence of Defendant Michael
10 John Scott, located in Snohomish, Washington. *See* MJ20-042 in the United States
11 District Court for the Western District of Washington; *see also* Smith Decl. ¶ 6. The
12 warrant was issued on the grounds that there was probable cause to believe that the
13 residence contained, among other items, proceeds of a conspiracy to distribute drugs, in
14 violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1), and 846, and property involved in a
15 conspiracy to launder money, in violation of 18 U.S.C. § 1956(h). *Id.* Probable cause was
16 based on Defendant's association and involvement with the Castro drug trafficking
17 organization ("Castro DTO"). *Id.*

18 Records obtained by the government show that the $18,150.00 balance of the
19 outstanding lien against the Subject Vehicle was paid in full using a cashier's check on
20 November 6, 2019. Smith Decl. ¶ 7. The cashier's check was issued by Wells Fargo
21 Bank, N.A., at which Defendant's business, Wired in Networks, maintained a checking
22 account.[1] *Id.* By all accounts, Wired in Networks did not operate as a legitimate business.
23 Smith Decl. ¶ 8. For example, on August 30, 2018, two members of the Castro DTO
24 delivered 5,000 fentanyl-laced imitation oxycodone pills to Defendant at Wired in
25 Networks' office in Lynnwood, Washington. *Id.* At that same meeting in Wired in
26 Networks' office, Defendant delivered cash drug proceeds, in the amount of $150,000,

---

[1] Defendant maintained a personal checking account with Northern Trust. Smith Decl. ¶ 7.

Motion for Entry of a Protective Order Restraining Certain Property - 2
*United States v. Michael John Scott*, CR-20-018-RJB

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

for drugs previously supplied to him by the Castro DTO. *Id.* Similarly, on October 5, 2018, Defendant' wife met with a Castro DTO member who had been directed to deliver "everything"—i.e., drugs another coconspirator had delivered to Washington earlier in the day—at the Wired in Networks office. *Id.* Along with picking up the drugs at the Wired in Networks office on Defendant's behalf, Defendant's wife delivered $95,000 in cash drug proceeds to the Castro DTO member at Defendant's direction. *Id.* Moreover, throughout the course of the investigation in 2018, law enforcement observed that when either Defendant or his wife arrived at the Wired in Networks office to meet with members of the Castro DTO, they would have to unlock the door to the office space. In other words, the business was not otherwise open, even when the meetings took place during regular business hours. *Id.*

Not only was Wired in Networks, which appears to have funded the purchase of the Subject Vehicle, a simple business front for Defendant's drug trafficking activity, but Defendant appears to have continued to fund Wired in Networks' Wells Fargo checking account with bulk cash deposits totaling $41,900.00 from January through October 2019, while his earlier criminal case was pending sentencing. Smith Decl. ¶ 9. A bulk cash deposit of $3,000 was completed on October 29, 2019, a week before the cashier's check was purchased to pay off the balance of the Subject Vehicle. *Id*. Although there may be an innocent explanation for Defendant's suspicious cash deposits into the bank account of an apparently illegitimate business, Defendant's history of engaging in drug trafficking—an illegal, cash-based business—strongly suggests otherwise. *Id.*

After the Subject Vehicle was seized, the DEA initiated administrative forfeiture proceedings against it, pursuant to 18 U.S.C. § 983. Smith Decl. ¶ 10. Defendant Scott filed a claim to the Subject Vehicle on May 10, 2021, during DEA's administrative forfeiture proceeding. *Id.*

Accordingly, pursuant to 18 U.S.C. § 983(a)(3)(A)–(C), the United States was required either to file a civil judicial forfeiture action against the Subject Vehicle, or to pursue its forfeiture in this criminal case, by September 12, 2021. *See* 18 U.S.C.

Motion for Entry of a Protective Order Restraining Certain Property - 3
*United States v. Michael John Scott*, CR-20-018-RJB

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  § 983(a)(3)(A)-(C). As reflected in the Superseding Indictment, the United States seeks to
2  forfeit proceeds of the charged drug conspiracy and/or property involved in the charged
3  money laundering conspiracy. Dkt No. 26. Additionally, the government has given notice
4  of this intent to forfeit the Subject Vehicle by including it in a Forfeiture Bill of
5  Particulars on September 9, 2021. Dkt. No. 40. The United States now requests the
6  Subject Vehicle's continued restraint for that purpose. Currently, the Subject Vehicle is in
7  the custody of the United States Marshals Service. Smith Decl. ¶ 11.

### III. GOVERNING LAW AND ARGUMENT

9      The United States requests the Court issue a protective order pursuant to 21 U.S.C.
10 § 853(e)(1)(A) restraining the Subject Vehicle for the duration of this case. Section
11 853(e)(1)(A) authorizes the Court to enter orders or to fashion other remedies to preserve
12 the availability of property subject to criminal forfeiture. *See United States v. Monsanto,*
13 491 U.S. 600, 612 (1989) ("Under § 853(e)(1), the trial court 'may' enter a restraining
14 order if the United States requests it[.]").  Where there is probable cause to believe the
15 relevant property is forfeitable, the United States is generally allowed to restrain it.  *Kaley*
16 *v. United States,* 571 U.S. 320, 323 (2014), 134 S. Ct. 1090, 1095 (2014) ("[P]re-trial
17 asset restraint [is] constitutionally permissible whenever there is probable cause to
18 believe that the property is forfeitable"); *see also Monsanto,* 491 U.S. at 615–16
19 (recognizing Section 853(e)(1) allows for the pretrial restraint of assets where there is
20 probable cause to believe they are forfeitable, stating "[i]ndeed, it would be odd to
21 conclude that the Government may not restrain property . . . based on a finding of
22 probable cause, when we have held that . . . the Government may restrain *persons* where
23 is a finding of probable cause").  As the Court is aware, "[p]robable cause . . . is not a
24 high bar:  It requires only the kind of fair probability on which reasonable and prudent
25 people, not legal technicians, act." *Kaley v. United States*, 571 U.S. at 338 (quoting
26 *Florida v. Harris*, 133 S.Ct. 1050 (2013)).
27     Here, there is probable cause to believe the Subject Vehicle is forfeitable as
28 proceeds of the charged drug trafficking conspiracy and/or as property involved in the

Motion for Entry of a Protective Order Restraining Certain Property - 4
*United States v. Michael John Scott*, CR-20-018-RJB

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

charged money laundering conspiracy. The grand jury found probable cause to believe that Defendant Scott is involved in conspiracies to distribute controlled substances and to commit money laundering. *E,g.*, Dkt. No. 26. Not only is there evidence to support Defendant Scott's involvement in drug trafficking and money laundering, but there is evidence tracing the Subject Vehicle back to such activity. For example, the lien against the Subject Vehicle was paid off in full by cashier's check, which appears to have been purchased using funds from the bank account of a front business used by Defendant Scott to facilitate multiple drug transactions. Smith Decl. ¶¶ 7–8. Moreover, the business account itself was funded by multiple suspicious cash deposits, which suggests that the funds used to pay off the Subject Vehicle's loan can be traced back to the drug trafficking conspiracy with which Defendant Scott has been charged. *Id.* ¶ 9.

Based on these and other facts detailed in SA Smith's Declaration, the United States submits there is probable cause to believe the Subject Vehicle is forfeitable. To preserve the Subject Vehicle's availability for forfeiture, the United States respectfully requests that the Court enter a protective order permitting the Subject Vehicle's continued restraint through the conclusion of this case, to include criminal ancillary forfeiture proceedings. A proposed order is submitted with this motion.

DATED this 4th day of October, 2021.

Respectfully submitted,

TESSA M. GORMAN
Acting United States Attorney

 *s/ Jehiel I. Baer*
JEHIEL I. BAER
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
(206) 553-2242
Jehiel.Baer@usdoj.gov

Motion for Entry of a Protective Order Restraining Certain Property - 5
*United States v. Michael John Scott*, CR-20-018-RJB

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2021, I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system, which automatically serves the parties of record.

    *s/ Donna R. Taylor*
DONNA R. TAYLOR
FSA Paralegal III, Contractor
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA  98101
(206) 553-4132
Donna.R.Taylor@usdoj.gov

Motion for Entry of a Protective Order Restraining Certain Property - 6
*United States v. Michael John Scott*, CR-20-018-RJB

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970