The Hon. Robert J. Bryan

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JOHN SCOTT,<br><br>Defendant. | NO. CR20-018-RJB<br><br>**DECLARATION OF DEA SPECIAL AGENT RYAN C. SMITH IN SUPPORT OF MOTION FOR PROTECTIVE ORDER RESTRAINING CERTAIN FORFEITABLE PROPERTY** |

I, Ryan C. Smith, declare and say:

1. I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7). Specifically, I am a Special Agent with the Drug Enforcement Administration ("DEA"), assigned to the Bellingham, Washington Resident Office. In that capacity, I investigate violations of the Controlled Substances Act (Title 21, United States Code, Section 801, et seq.). I have been employed as a Special Agent with the DEA since March 2017. Prior to becoming a Special Agent, I was a detective in the Special Victims Unit, a police motorcycle officer, and a police patrol officer with the Hoover Police Department in Hoover, Alabama. In my experience as a law enforcement officer, I have participated in numerous narcotics

Motion for Entry of a Protective Order Restraining Certain Property - 1
*United States v. Michael John Scott*, CR-20-018-RJB

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

investigations, during the course of which I have participated in physical surveillance and executions of search warrants.

2. I have completed the DEA Basic Agent Training Course as well as other training courses related to gangs and narcotics trafficking. I have participated in narcotics investigations at both the local and federal level, and I have participated in the execution of federal search warrants. As a result, I have become familiar with methods of operation of drug traffickers and organizations. As a Special Agent with the DEA, I have the responsibility of working with other federal and state law enforcement officers in investigations of violations of federal and state controlled substance laws, including the investigation of violations related to cocaine, methylenedioxymethamphetamine (MOMA), methamphetamine, heroin, fentanyl, marijuana and other dangerous drugs.

3. I have participated in the debriefing of defendants, witnesses, and informants, during which time I have discussed with them their methods of drug smuggling, distribution, packaging, trafficking, avoiding law enforcement, and laundering proceeds, among other concerns related to drug trafficking. I have discussed and learned from other law enforcement investigators with regards to these matters as well.

4. Based on my training, experience, and conversations with other experienced narcotics investigators, I have gained insight into the techniques and methods used by drug traffickers to distribute controlled substances, their use of cellular phones and other electronic communication telephones to facilitate their trafficking activity, and the methods used to conceal and launder the proceeds of said activity. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. My specialized training and experience in drug investigations form a basis for my opinions and conclusions, which I drew from the facts set forth herein.

5. I make this declaration in support of a motion for entry of a protective order that would allow the United States to maintain custody of, or otherwise restrain, a

Motion for Entry of a Protective Order Restraining Certain Property - 2
*United States v. Michael John Scott*, CR-20-018-RJB

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2011 Dodge Ram 2500, VIN No. 3D7UT2CLXBG564155, Washington State License No. C40349F, seized on or about January 30, 2020, from the Defendant's residence located in Snohomish, Washington. (the "Subject Vehicle") pending resolution of this criminal case.

6. The Subject Vehicle was seized on or about January 30, 2020, during the execution of a federal search and seizure warrant at the residence of Defendant Michael John Scott, located in Snohomish, Washington. The warrant was issued on the grounds that there was probable cause to believe that the residence contained, among other items, proceeds of a conspiracy to distribute drugs, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1), and 846, and property involved in a conspiracy to launder money, in violation of 18 U.S.C. § 1956(h). Probable cause was based on Defendant's association and involvement with the Castro drug trafficking organization ("Castro DTO").

7. Records obtained by the government show that the $18,150.00 balance of the outstanding lien against the Subject Vehicle was paid in full using a cashier's check on November 6, 2019. The cashier's check was issued by Wells Fargo Bank, N.A., at which Defendant's business, Wired in Networks, maintained a checking account. Defendant maintained a personal checking account with Northern Trust.

8. By all accounts, Wired in Networks did not operate as a legitimate business. For example, on August 30, 2018, two members of the Castro DTO delivered 5,000 fentanyl-laced imitation oxycodone pills to Defendant at Wired in Networks' office in Lynnwood, Washington. At that same meeting in Wired in Networks' office, Defendant delivered cash drug proceeds, in the amount of $150,000, for drugs previously supplied to him by the Castro DTO. Similarly, on October 5, 2018, Defendant' wife met with a Castro DTO member who had been directed to deliver "everything"—i.e., drugs another coconspirator had delivered to Washington earlier in the day—at the Wired in Networks office. Along with picking up the drugs at the Wired in Networks office on Defendant's behalf, Defendant's wife delivered $95,000 in cash drug proceeds to the Castro DTO member at Defendant's direction. Moreover, throughout the course of the

Motion for Entry of a Protective Order Restraining Certain Property - 3
*United States v. Michael John Scott*, CR-20-018-RJB

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

investigation in 2018, law enforcement observed that when either Defendant or his wife arrived at the Wired in Networks office to meet with members of the Castro DTO, they would have to unlock the door to the office space. In other words, the business was not otherwise open, even when the meetings took place during regular business hours.

9. Not only was Wired in Networks, which appears to have funded the purchase of the Subject Vehicle, a simple business front for Defendant's drug trafficking activity, but Defendant appears to have continued to fund Wired in Networks' Wells Fargo checking account with bulk cash deposits totaling $41,900.00 from January through October 2019, while his earlier criminal case was pending sentencing. A bulk cash deposit of $3,000 was completed on October 29, 2019, a week before the cashier's check was purchased to pay off the balance of the Subject Vehicle. Although there may be an innocent explanation for Defendant's suspicious cash deposits into the bank account of an apparently illegitimate business, Defendant's history of engaging in drug trafficking—an illegal, cash-based business—strongly suggests otherwise.

10. After the Subject Vehicle was seized, the DEA initiated administrative forfeiture proceedings against it, pursuant to 18 U.S.C. § 983. Defendant Scott filed a claim to the Subject Vehicle on May 10, 2021, during DEA's administrative forfeiture proceeding.

11. Currently, the Subject Vehicle is in the custody of the United States Marshals Service.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 30 day of September, 2021, in Whatcom, Washington.

RYAN C. SMITH
DEA Special Agent

Motion for Entry of a Protective Order Restraining Certain Property - 4
United States v. Michael John Scott, CR-20-018-RJB

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970